# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM HADDAN, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:16-cv-05101-DGK-SSA |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff William Haddan petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Plaintiff applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. The administrative law judge ("ALJ") found Plaintiff had multiple severe impairments, including opiate-induced hyperalgesia, degenerative disc disease with small disc protrusion, sciatica, insomnia, anxiety, and depression, but retained the residual functional capacity ("RFC") to perform work as a document preparer or addresser.

As explained below, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is therefore AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed the pending application on August 23, 2013, alleging a disability onset date of December 15, 2011. The Commissioner denied the applications at the initial claim level, and Plaintiff appealed the denial to an ALJ. On December 11, 2014, the ALJ held a hearing and on

May 20, 2015, the ALJ issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on July 1, 2016, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues that the ALJ erred by: (1) improperly discounting the opinion of a consulting examiner and failing to base his RFC on substantial evidence; and (2) finding Plaintiff's subjective complaints not wholly credible. These arguments are without merit.

## I. Plaintiff's RFC was based on substantial evidence on the record as a whole.

Plaintiff first argues that, because the ALJ discounted the opinion of Dr. Joshua Smith, D.O. ("Dr. Smith"), his RFC was not based on substantial evidence.

A claimant's RFC is the most she can still do despite her physical or mental limitations. *Leckenby v. Astrue*, 487 F.3d 626, 631 n.5 (8th Cir. 2007). In formulating a claimant's RFC, the ALJ must consider *all* the relevant, credible record evidence, including a claimant's medical records, observations from treating and examining physicians, and a claimant's subjective statements. *See Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007). "Although an ALJ is not required to rely solely upon medical evidence in formulating a claimant's RFC, there must be some underlying his assessment." *Id.* (citing *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001)). An ALJ may discount medical evidence where it is inconsistent with the medical evidence as a whole and relies on the incredible subjective complaints of a claimant. *See Burrell v. Berryhill*, No. 1:15CV190RLW, 2017 WL 1058137, at *8-9 (E.D. Mo. Mar. 20, 2017) (discounting treating physician's opinion where it was inconsistent with the treatment record and relied on claimant's subjective complaints) (citing *Teague v. Astrue*, 638 F.3d 611, 615-16 (8th Cir. 2011) (discounting treating physicians' opinions where the form cited no clinical test results, treatment notes were inconsistent with RFC assessment, and the opinions were based on plaintiff's subjective complaints)). And, "[e]ven though the RFC assessment draws from

medical sources for support, it is ultimately an administrative determination reserved to the Commissioner." *Cox*, 495 F.3d at 619 (citing 20 C.F.R. §§ 416.927(e)(2), 416.946).

Plaintiff first focuses on the fact that, at the hearing, the ALJ noted he "did not see any residual functional capacity assessments or limitations in the medical records," and ordered that Plaintiff "attend a consultative evaluation" with Dr. Smith. R. 86. Dr. Smith assessed very severe limitations, and the ALJ ultimately gave his evaluation "very little weight" because it was internally inconsistent and inconsistent with Plaintiff's treating records. R. at 25 (noting Dr. Smith "apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant," "the claimant's treating doctors did not record findings consistent with Dr. Smith's examination findings" and that, "[f]or example, the record is devoid of any evidence showing muscle atrophy or significant strength defects"). These are acceptable reasons for discounting Dr. Smith's evaluation, and the ALJ did not err in giving it very little weight.

But, Plaintiff argues, because Dr. Smith's opinion was given "very little weight," there was not enough medical evidence to support the ALJ's RFC finding.[2] The Court disagrees. The ALJ relied on multiple other medical sources in formulating Plaintiff's RFC. *See, e.g.*, R. at 24 (discussing treatment notes indicating "the claimant had normal neurological examinations," and "demonstrated normal strength, muscle tone, and sensation" and "full strength in the bilateral upper and lower extremities, intact coordination, and a non-ataxic gait") (citing R. at 379); 25

---

[2] Here, the ALJ assessed an RFC that limited Plaintiff to: lifting ten pounds occasionally and five pounds frequently; stand and/or walk for a cumulative total of two hours and sit for a cumulative total of six hours in an eight-hour workday, and requiring Plaintiff to make a positional change every thirty minutes to relieve discomfort; using his upper extremities to push and pull only ten pounds occasionally and five pounds frequently; occasionally climb ramps and stairs, and occasionally stoop, kneel, and crouch; performing simple routine and repetitive tasks involving only simple work-related decisions in an environment that did not require interaction with the public and required no more than occasional interaction with coworkers and supervisors. R. at 22-23. Plaintiff's RFC was also limited to jobs that did not require him to: use his lower extremities to operate foot controls; climb ladders or scaffolds; balance; crawl; reach overhead due to his back condition; have concentrated exposure to extreme cold and vibration; or work at unprotected heights or around dangerous moving machinery such as forklifts and construction equipment. R. at 22-23.

(noting "on numerous occasions the claimant's mental status examinations were unremarkable with the claimant demonstrating appropriate mood and affect, along with intact memory and orientation") (citing R. at 400, 405, 417, 423, 429).

Accordingly, the Court finds the ALJ's RFC determination was supported by substantial evidence, even after the ALJ discounted Dr. Smith's medical source statement, and the ALJ sufficiently discussed the evidence as it related to his RFC determination.

**II.      The ALJ did not improperly discount Plaintiff's subjective complaints.**

Next, Plaintiff argues the ALJ erred in assessing the credibility of Plaintiff's subjective complaints.

In judging the credibility of a claimant's subjective complaints , an ALJ must examine several factors: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the dosage, effectiveness and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions (the "*Polaski* factors"). *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). Other relevant factors include the claimant's past relevant work history and the absence of objective medical evidence in support of the complaints. *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir. 1999). The ALJ is in a better position to make determinations as to a claimant's credibility, and reviewing courts should defer to the ALJ's credibility findings, provided they are supported by "good reasons and substantial evidence, even if every factor is not discussed in depth." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014)(internal quotations and citations omitted).

Here, the ALJ considered inconsistencies in Plaintiff's reported daily activities,[3] medication and treatment,[4] and work history[5] in assessing Plaintiff's credibility. Because these

---

[3] The ALJ discounted Plaintiff's reports of limited daily activity because: (1) "the record lack[ed] objective evidence that would verify the degree of limitation the claimant alleged he experiences in performing daily activities"; (2)

5

are supported by the record and constitute proper grounds for discounting Plaintiff's subjective complaints, the Court will defer to the ALJ's credibility determination.

**Conclusion**

Because substantial evidence on the record as a whole supports the ALJ's opinion, the Commissioner's decision denying benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date:  August 28, 2017   /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

"even if the claimant limits his daily activities to the extent he has alleged, the objective medical evidence fails to support the degree of limitation the claimant described"; and (3) "although the claimant may be unable to engage in the range of activities he could perform in the past with the frequency and at the speed he could perform them in the past, the record contains evidence the claimant has been more active than would be expected if all of his allegations were credible." R. at 26 (citing evidence from Plaintiff's function report, R. at 180-87, and medical records, R. at 257, 259, 370).

[4] The ALJ noted Plaintiff "had not undergone any surgical intervention for his back pain," and his "medications actually help improve [his] overall health, rather than contribute to his limitations, when he was medication compliant." R. at 26-27.

[5] The ALJ noted Plaintiff "was somewhat misleading with respect to his work history" and that, "[a]lthough the claimaint testified that he had not performed work since working as a [disc jockey] in December 2011, his medical records suggest otherwise as he reported working in December 2012 and October 2014." R. at 26 (citing R. at 300, 413).